T. J. BLACK ET AL. *v.* SALLIE A. BLACK ET AL.

**Partition of Real Estate.**

> The court in a partition of real estate has no power to change the title of the interested parties or to qualify or subtract from their tenures.

APPEAL FROM BRACKEN COURT OF COMMON PLEAS.

November 12, 1881.

OPINION BY JUDGE HARGIS:

Mrs. Black's dowable interest was more valuable than a child's share, and without any consideration she gave her written consent to a division in which she was to receive only a child's portion. There were several infant heirs who could not be bound by such a division, as they were entitled to an absolute fee, not only in the shares they might receive in the present division, but

also in the shares that they would be entitled to in the portion allotted to the widow at her death.

Their title was absolute in the whole of the estate, subject alone to the right of the widow to use one-third thereof for her life-time, and the court had no legal power in a mere division to qualify or subtract from their tenure.

Mrs. Black, at the time she was applied to by one of the heirs, who subsequently became the purchaser, to sign the written consent to take a child's part, was in deep sorrow and mourning for the loss of her husband, who had been dead for less than two, months. The purchaser and heir who participated in the matter of obtaining her signature parted with no money for his purchase and did not change his condition, so far as the record shows, to meet the supposed obligation he was under to pay for the land.

Under these circumstances we do not think the chancellor erred in setting the sale aside and ordering a division of the land, which from its nature and the description given of it is certainly susceptible of partition.

It is plain that "ten-ninths" were used, in the order of division, by mistake, which was caused by the fact that one of the children had died and left her portion to another, who thus became entitled to two shares instead of one share. This mistake may be rectified by the report of the commissioners of division, but if they do not correct it the question can be properly raised before the confirmation of their report.

Judgment *affirmed.*

*Hallam & Perkins, for appellants.*

*B. G. Willis, for appellees.*